

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*

*555 Fourth St. N.W.*
*Washington, D.C. 20001*

August 17, 2005

**By U.S. Mail**
Cynthia Katkish, Esq.
601 Pennsylvania Avenue, NW
900-S PMB 221
Washington, DC 20004

Re:    United States v. Samuel Davis
       Case No. 05-279

Dear Counsel:

I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure as well as a plea offer.

## I.    Charges and Plea Offer

Your client is currently charged with the following offenses: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and two counts of Simple Possession of a Controlled Substance (Marijuana and Cocaine Base), in violation of 21 U.S.C. § 844.

If your client agrees to plead guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, the government will agree to:

1.     dismiss the remaining or greater charges(s) at the time of sentencing;
2.     both parties mutually reserve the right to allocute as to whether your client should be incarcerated pending sentencing;
3.     waive any applicable enhancement papers that might apply;
4.     agree to recommend to the court a three level downward adjustment for acceptance of responsibility; and
5.     reserve its right to allocute at the time of sentencing (but will agree not to oppose sentencing at the low end of the sentencing guideline range).  The government nonetheless retains its full right to allocute and request any legal sentence following any probation or supervised release revocation proceeding).

This plea offer must be accepted and the guilty plea entered by your client on or before the date of **the next status hearing currently scheduled for September 16, 2005**. Furthermore, this plea offer will be considered revoked upon your client's re-arrest or violation of any condition of release. The government reserves the right to withdraw this plea offer at any time prior to acceptance. **Please be advised that subsequent plea offers will be less favorable to your client.**

## II.    Discovery

### A.    Documents

Copies of the following documents are enclosed with this letter:

- PD-163
- WACIIS Report
- Search Warrant, Affidavit, Seizure List
- PD-95
- DEA-7
- PD-81 x 6
- Certificate of Firearms Examination
- Certificate of No Record of a Licence to Carry a Pistol
- No Record of Firearms Registration Certificate
- Crime Scene Examination Section Evidence Report
- Color photocopies of crime scene photographs x 19
- Indictment
- PSA Report

### B.    Evidence

#### 1.    Physical Evidence

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Gun and ammunition
- drugs and packaging as indicated in the attached paperwork and completed laboratory analysis
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred

#### 2.    Radio Run Information

_____    The government believes there are no recorded communications relevant to this case.

_____X_____    The government believes that there may be recorded communications relevant to this

2

case.  The recording will be provided consistent with the government's obligations under the <u>Jencks</u> Act.  Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

### 3.    Identification Evidence

The government is not aware of any identification procedure used in this case.

### 4.    Inspection

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government.  *See* Fed R. Crim. P. 16(a)(1)(E).  If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence.  These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 5.    Reports of Examinations or Tests and Experts

The government has provided the Certificate of Firearms Examination with this letter.  I have not yet received the results of the fingerprint analysis or chemical analysis of the drugs.  When I receive these reports I will forward to you copies.

In addition, please be advised that the government may call a fingerprint expert to testify at trial.  The expert may testify about the following subjects:  the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns;  the comparison of prints; and the identification of prints if there are sufficient "points" to render a print usable.  Due to the volume of cases being presented in Superior Court, it is unclear which witness will be available to testify if needed.  The government may call George L. Anderson, III, as an expert.  His qualifications include: 33 years as a fingerprint examiner (25 years at the FBI and 8 years at the MPD); a degree in criminology from American University; one year of FBI fingerprint school; FBI fingerprint seminars; and hundreds of thousands of fingerprint analyses.  The government might also call Willie Higganbotham, Mary Jones, Charles Sanders, or another fingerprint specialist as its expert.  The government believes these individuals have qualifications similar to those of Mr. Anderson.  The government may also call an experienced Mobile Crime or Crime Scene Search evidence technician as an expert.  This expert will testify about the methods used to recover or attempt to recover latent fingerprints from pieces of evidence, why recovering latent fingerprints from particular surfaces or items of evidence may be difficult, and the MPD (or other law enforcement) policies, practices, and procedures for recovering and processing latent fingerprints.  Such an expert will base his or her testimony on their training and experience in evidence collection.

### C.     RULE 404(b) EVIDENCE (known at this time)

The government may seek to admit evidence pursuant to FRE 404(b).  In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

### D.     Defendant's Rule 16 Statements

At this time the government is not aware of any statements made by your client to law enforcement.  If the government becomes aware of any such statements made by your client you will be notified in writing.

### E.     Criminal Record

Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record.  I will notify you in writing if the government learns of any additional convictions.

### F.     Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a Jencks request for all prior statements of any defense witness (excluding the defendant);

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.     Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1.  In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork.  Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H.     Other Information (Brady / Lewis / Giglio)

4

The government is unaware of any <u>Brady</u> or <u>Giglio</u> information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

## III. Contact Information

If you have any questions about the information provided above, you may contact me by telephone, fax, or mail. In particular, please note the correct zip code for the U.S. Attorney's Office.

Steven B. Wasserman
Office of the United States Attorney
Organized Crime and Narcotics Section
Room 4114
555 Fourth Street, N.W.
Washington, D.C. 20530

Office:          202-307-0031
Fax:             202-514-8707

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

By:    _____
STEVEN B. WASSERMAN
Assistant United States Attorney

cc: District Court Case File (without attachments)

5