# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 05-279 (CKK)** |
| | : | |
| **SAMUEL DAVIS,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609, and hereby moves the Court to admit such evidence of prior convictions. In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion:

### I. Background.

1. The defendant is charged in a three count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and two counts of Simple Possession of a Controlled Substance, in violation 21 U.S.C. § 844(a). Defendant has been previously convicted of the following offenses:

        a.      the felony offense of Distribution of Marijuana and Possession with Intent to Distribute Marijuana, in the Superior Court of the District of Columbia, Case No. F-6336-98, on

May 8, 2000, for which he was sentenced to a suspended jail sentence, and three years of supervised release, which terminated on July 15, 2002; and

      b.     the felony offense of Assault with a Dangerous Weapon, in the Superior Court of the District of Columbia, Case No. F-4423-95, on January 24, 1997, for which he received a sentence of 3 to 10 years imprisonment, with 27 months to 10 years suspended, and two years of probation.

**II.  Fed. R. Evid. 609(a)(1).**

2.  "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect.  Fed. R. Evid. 609(a)(1). The aforementioned offenses for which the defendant has been convicted were punishable by more than one year of imprisonment.  In addition, these convictions were entered within the last ten years.  This Court should permit the use of these convictions to impeach the defendant because the probative value outweighs any prejudicial effect.  United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3.  In Lipscomb, the Court of Appeals held that "all felony convictions have some probative value on the issue of credibility." Id. at 1062.  The charges in this case arose from the execution of a search warrant at the residence located at 2201A 14th Street, NE, Washington, DC.  Items recovered during the search included the following: a .45 caliber handgun loaded with seven rounds of ammunition, one box of .45 caliber ammunition, a loose green weed substance that field tested positive for marijuana, a loose white rock substance that field tested positive for cocaine base, $917 in U.S. Currency, and numerous empty ziplock bags.  Also recovered from the residence was mail matter and identification in the defendant's name.  The defendant was located at the residence at the

2

time the search warrant was executed. Accordingly, should he choose to testify, the defendant's credibility concerning whether he had possession and knowledge of the contraband, or to whom this contraband belonged will be a central issue. The probative value of the convictions, therefore, is quite high. Moreover, his prior convictions, one of which involved a narcotics offense, is especially probative in that it evidences a conscious disrespect for the law, and consequently for the oath and judicial proceedings, over an extended period of time.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). This case presents the same issue confronted by the court in Lewis. In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. The defendant's convictions are certainly probative on the defendant's credibility.

**III. Fed. R. Evid. 609(b).**

4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of

more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ."  Here, as stated above, the defendant's convictions satisfy this temporal requirement.  Thus, the convictions may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes, and hereby moves the Court to admit such evidence of prior convictions.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO.  451058


_____

STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
NARCOTICS SECTION
(202) 307-0031

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 is to be served upon counsel for the defendant, Jonathan Jeffress, Esquire, this 30th day of September, 2005.


_____

STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY

4