IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 05-279 (CKK) |
| ) | |
| SAMUEL DAVIS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR PRODUCTION
OF *ROVIARO* AND *BRADY* MATERIAL**

Defendant Samuel Davis, through undersigned counsel, respectfully moves this Honorable Court to order the Government to fulfill its obligations under Roviaro v. United States and Brady v. Maryland by disclosing the identity and whereabouts of the Metropolitan Police Department's confidential informant in this case, and/or arranging an interview between defense counsel and the informant.  Based on the specific facts and circumstances of this case, the confidential information in this case may have first-hand information exculpatory of Mr. Davis that must be produced to the defense pursuant to the Government's discovery obligations.

**FACTUAL BACKGROUND**

Mr. Davis is charged by a three-count indictment with one count of unlawful possession of a firearm by a person convicted of crime punishable by imprisonment for a term exceeding one year, and two counts of simple possession of a controlled substance (cocaine base and marijuana).

According to discovery provided by the government, the evidence in this case

resulted from the execution of a search warrant.  On June 29, 2005 police officers obtained an unnumbered search warrant for 2201A 14th Street, N.E.  The purported basis for the search warrant, as described in the affidavit submitted in support of the application for the warrant, was the alleged sale one clear ziplock bag of cocaine base from the "house and shed" at the above-listed address.  See Ex. A (affidavit).  The sale was allegedly by a "male subject" to a confidential informant ("CI") for the Metropolitan Police Department.  The sale allegedly happened within 72 hours of June 29, 2005 the day the police applied for and obtained the search warrant.

The affidavit provides no further information regarding the "male subject" black male seen by the CI and does not provide the CI's identity.

On October 3, 2005, defense counsel delivered a discovery letter to AUSA Steve Wasserman specifically requesting the production of all information relating to the male subject allegedly seen by the CI, as well as the identification of and access to the CI.  Defense counsel will inform the Court concerning the Government's position on this matter when that information is available.

## DISCUSSION

**I.    THE DEFENSE IS ENTITLED TO THE IDENTITY OF THE CONFIDENTIAL INFORMANT UNDER *ROVIARO V. UNITED STATES* AND *BRADY V. MARYLAND*.**

The basic premises for compelling disclosure of the identity of a confidential informant are set forth in Roviaro v. United States, 353 U.S. 53 (1957).  In Roviaro, the Court noted that the government's privilege to withhold the identity of informants is grounded in "the furtherance and protection of the public interest in effective law enforcement."  Id. at 59.  That interest, however, is subject to limitations.  Among them is the right of the accused to prepare a

defense. As the Court noted in Roviaro, at 60-61:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. [Footnote omitted.] In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. [Footnote omitted.]

The Roviaro Court went on to hold that the trial court should balance a number of factors such as "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62; see also United States v. Hernandez-Vela, 533 F.2d 211, 213 (5th Cir. 1976).

In Roviaro, the Supreme Court acknowledged the need for defense counsel actually to interview the witness. 353 U.S. at 64 ("[t]he desirability of, ... at least interviewing [the confidential informant] in preparation for trial, [is] a matter for the accused rather than the government to decide"). Likewise, in other contexts the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake. See Davis v. Alaska, 415 U.S. 308 (1974) (accused is entitled to cross-examine prosecution witness regarding his juvenile probationary status notwithstanding the interest in confidentiality of juvenile adjudications).

The Government's duty to disclose under Roviaro is all the more compelling where, as here, information residing with the confidential informant is also subject to the Government's discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963). Brady imposes upon the prosecution a constitutional obligation to disclose "evidence favorable to the

3

accused . . . where the evidence is material to either guilt or punishment." Id. at 87. Under the Brady doctrine, the prosecutor is responsible for disclosing to the defense "any favorable evidence known to others acting on the government's behalf, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995); see also United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (District of Columbia prosecutors responsible for disclosing Brady information contained in MPD files). The Government must disclose Brady material in sufficient time for the defendant to "use the favorable material effectively in the preparation and presentation of its case." United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1976).

In the present case, Mr. Davis is charged with possessing a handgun which was recovered from a residence to which numerous other individuals appeared to have access, as well as possessing cocaine base at the same residence. The CI allegedly purchased cocaine base from an individual at the premises within seventy-two hours prior to the request for the warrant, and saw a black handgun during its visit to the premises. Evidence that Mr. Davis did not participate in the aforementioned sale and/or evidence that someone else possessed a gun at the premises is not only relevant and extremely helpful to Mr. Davis's defense, but also exculpatory information under Brady. As the CI is the only known witness who can provide this crucial information, it is essential that the CI's identity be disclosed in order to satisfy the Government's most imperative discovery obligations and, consequently, to insure a fair trial in this case.

## CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Davis requests that the Court order the Government to provide the defense with the identity and whereabouts of the CI, and/or arrange for an interview of the CI by defense counsel.[1]  Mr. Davis requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Jonathan S. Jeffress
Counsel for Samuel Davis
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500, ex. 134

---

[1]  Based on defense counsel's current understanding, the Government does not intend to attempt to call the CI as a witness or seek to admit search warrant affidavit as part of its case in chief.  In the event the Government's position is different, defense counsel reserves the right to seek significant additional discovery concerning the CI.