IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>            )<br>    Plaintiff,    )<br>            )<br>    v.        )<br>            )<br>SAMUEL DAVIS,        )<br>            )<br>    Defendant.    )<br>            ) | Crim. No. 05-279 (CKK) |

### DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE
### AND INCORPORATED MEMORANDUM IN SUPPORT

Defendant Samuel Davis, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence seized by law enforcement agents pursuant to the search warrant dated June 29, 2005 because it was obtained without a proper search warrant, because it was seized in violation of 18 U.S.C. § 3109, and because it was seized in violation of Rule 41(d) of the Federal Rules of Criminal Procedure. The motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.

### FACTUAL ALLEGATIONS

Mr. Davis is charged by a three-count indictment with one count of unlawful possession of a firearm by a person convicted of crime punishable by imprisonment for a term exceeding one year, and two counts of simple possession of a controlled substance (cocaine base and marijuana).

According to discovery provided by the government, the evidence in this case resulted from the execution of a search warrant. On June 29, 2005 police officers obtained an

unnumbered search warrant for 2201A 14th Street, N.E.  The purported basis for the search warrant, as described in the affidavit submitted in support of the application for the warrant, was the alleged sale one clear ziplock bag of cocaine base from the "house and shed" at the above-listed address.  See Ex. A (affidavit).  The sale was allegedly by a "male subject" to a confidential informant ("CI") for the Metropolitan Police Department.  The sale allegedly happened within 72 hours of June 29, 2005 the day the police applied for and obtained the search warrant.

The police executed the search warrant at approximately 6:02 p.m. on June 29, 2005.  In an "Investigative Supplement Report," the police state that Mr. Davis was "upon entry...observed exiting the entry door to the shed" and that he was then "placed under arrest."  Ex. B (supplemental investigative report).  The report provides no other information concerning the circumstances of the search.  Also, the "Return" section of the warrant confusingly asserts that a copy of the warrant was left "with Samuel Davis/left on scene."  See Ex. C (return).

## DISCUSSION

I.   ALL EVIDENCE MUST BE SUPPRESSED FOR FAILURE TO COMPLY
     WITH THE PROVISIONS OF 18 U.S.C. § 3109.

The government must prove that the police officers executing the search warrant complied with the "knock and announce" provisions of 18 U.S.C. § 3109, which only permits officers to force entry to execute a search warrant after having given notice of their authority and purpose and having been refused admittance.  Unless the government can prove that the officers executing the search warrant complied with 18 U.S.C. § 3109, all evidence seized as a result of that search must be suppressed.  The assertion that Mr. Davis was "upon entry...observed exiting the entry door to the shed" and then placed under arrest does not provide sufficient information

for this Court to determine that the police complied with § 3109.

II. **THE ACTIONS OF THE OFFICERS IN THIS CASE VIOLATED BOTH RULE 41(d) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND RULE 41(e)(4) OF THE SUPERIOR COURT RULES OF CRIMINAL PROCEDURE.**

Rule 41(e)(4) of the Superior Court Rules of Criminal Procedure and Rule 41(d) of the Federal Rules of Criminal Procedure set forth requirements for officers executing search warrants. Regardless whether the Court finds that the officers were subject to Rule 41(d) of the Federal Rules of Criminal Procedure or Rule 41(e)(4) of the Superior Court Rules, officers failed to comply with the requirements.

Beginning first with the federal rule, Rule 41(d) requires that "the officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and the receipt at the place from which the property was taken." Fed. R. Crim. P. 41(d). A number of circuits have held that Rule 41(d) is <u>not</u> satisfied if a person is present and officers leave a copy of the warrant and return rather than presenting them to the person. <u>See</u> <u>United States v. Gantt</u>, 194 F.3d 987 (9th Cir. 1999). Part of the reason for this is that the purpose of Rule 41 is to "head off breaches of the peace by dispelling any suspicion that the search is illegitimate." <u>Gantt</u>, 194 F.3d at 993.

The return on the warrant confusingly indicates that the officers left a copy of the warrant "with Samuel Davis/left on scene." <u>See</u> Ex. B. Unless there were multiple copies of the warrant, this assertion makes little sense, as Mr. Davis was immediately arrested upon the police officers's arrival. Furthermore, even if the officers did "post" a copy of the warrant somewhere on the

3

premises, that still does not satisfy their Rule 41 obligations.  Thus, the officers did not comply with Rule 41(d) of the Federal Rules of Criminal Procedure.

Rule 41(e)(4), the Superior Court counterpart to Federal Rule of Criminal Procedure 41(d), requires that "[i]f the search is of a place, vehicle, or object a copy of the warrant and of the return shall be given to the owner if the owner is present, or if the owner is not, to an occupant, custodian, or other person present, or if no person is present, the officer or agent shall post a copy of the warrant and of the return on the place, vehicle, or object searched."  If Superior Court Rule 41(e)(4), rather than Federal Rule 41(d), applies to the execution of the search warrant in this case, the officers violated that rule.  Rule 41(e)(4) clearly requires that the officers give a copy of the warrant and return to a person if a person is present rather than posting the warrant and return.

Regardless whether the officers in this case violated either Federal Rule 41(d) or Superior Court Rule 41(e)(4), suppression is the appropriate remedy.  With respect to both rules, suppression is the appropriate remedy for violations of the rule if "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule."  Criales v. United States, 621 A.2d 374, 377 (D.C. 1993).  See Gantt, 194 F.3d at 994.  Accordingly, the motion should be granted and the evidence seized should be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Davis requests that the Court suppress the physical evidence obtained by the officers pursuant to the invalid search warrant. Mr. Davis requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202) 208-7500