UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 05-279 (CKK) |
| | : | |
| SAMUEL DAVIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
SUPPRESS PHYSICAL EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant's Motion to Suppress Physical Evidence. In support of this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding these motions.

**I.   BACKGROUND**

The defendant is charged in a three count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and two counts of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On June 29, 2005, at approximately 6:02 pm, officers from the Metropolitan Police Department (MPD) executed a narcotics search warrant at 2201A 14th Street, Northeast, Washington, DC. The search warrant was for the residence as well as a shed that was located on the property. In addition, part of the probable cause for the warrant

was based upon a confidential informant's observation of a handgun inside the shed located on the property. Upon arriving at the address, officers were stationed at the front and rear entrances to the residence. Officers at the rear of the location gained access to the property by entering through a gate which opened into the yard area of the residence, where a shed was also located. As officers entered the rear yard area they observed the defendant exiting from the shed. The officers then announced their presence and informed the defendant that they were present to execute a search warrant. The defendant was then secured by police. At or about the same time, officers at the front and rear of the residence knocked on the door and announced that they were the police and had a search warrant, but received no answer. After waiting a reasonable amount of time with no response, officers in the rear of the residence entered through the rear door. The officers who entered through the rear of the residence then opened the front door to allow the officers located at the front of the residence inside. There was no forced entry made through the front door to the residence.

    A search of the premises resulted in the recovery of numerous items, including but not limited to: (1) one .45 caliber pistol loaded with seven rounds of ammunition located in a safe inside the shed along with 16 rounds of .45 caliber ammunition on the shelf above the safe; (2) loose green weed which field tested positive for marijuana, a digital scale, a white rock substance which field tested positive for cocaine base, numerous empty ziplock bags, three crack pipes, and a surveillance camera, all located inside the shed in or near the safe; (3) $910 in U.S. Currency and mail matter addressed to the defendant located within the safe inside the shed; and (4) a gun holster, numerous empty ziplock bags, mail matter and identifications in the name of the defendant, and a mirror with white residue all located in bedroom #1. After execution of the

search warrant, the defendant was placed under arrest for felon in possession of a firearm. The gun recovered from the residence was test fired and found to be operable. This type of gun and ammunition are not manufactured in the District of Columbia. A copy of the warrant was left inside the residence, because the inventory portion had not been completed prior to the defendant being transported to the police district station.

The defendant now seeks suppression of the physical evidence seized pursuant to the search warrant on two grounds: (1) the police violated the "knock and announce" statute set forth in 18 U.S.C. § 3109; and (2) the police failed to comply with Fed. R. Crim. P. 41(d).[1] The defendant's motion is without merit and should be denied.

## II. ARGUMENT

A. THE POLICE DID NOT VIOLATE THE KNOCK AND ANNOUNCE STATUTE

Title 18, United States Code, Section 3109 provides:

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if , after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

The Supreme Court has noted that section "'3109's requirement of prior notice . . . before forcing entry . . . [as] codif[ying] a tradition embedded in Anglo-American law,'" and that the statute "implicates the exceptions to the common law knock-and-announce requirements, such as

---

[1] Defendant's motion refers to Federal Rule of Criminal Procedure "41(d)." Based upon defendant's claim, the Government will assume for purposes of this motion that the defendant is referring to Fed. R. Crim. P. 41(e)(3), which provision prior to amendment was previously listed as 41(d).

exigent circumstances." United States v. Banks, 540 U.S. 31, 42-43 (2003) (quoting, United States v. Ramirez, 523 U.S. 65, 72 (1998)).

In Banks, the Supreme Court noted that deciding whether a forcible entry into a residence by police executing a search warrant was reasonable is determined on a case-by-case basis. Id. at 31; United States v. Crippen, 371 F.3d 842, 845 (D.C. Cir. 2004) (holding that there are no bright-line rules or per se exceptions to the knock and announce rule and each case must be examined upon the facts and circumstances of the particular entry); United States v. Spriggs, 996 F.2d 320, 322 (D.C. Cir.1993) (stating that the time required for an officer to wait before they may construe no response as a denial of admittance depends largely on factual determinations made by the trial court). The Court in Banks further noted that factors indicating exigency or futility which may exist prior to knocking and announcing may justify an unwarned entry, and that such factors may also arise after a knock and announce, thereby justifying a forced entry. Id. at 36-37. The Banks case involved the execution of a narcotics search warrant by forced entry where police waited 15 to 20 seconds after they knocked and announced, received no response, at which time they then entered the residence. Id. at 33. The Court upheld the search, holding that sufficient exigency existed due to the risk of destruction of evidence to justify the forced entry within 15 to 20 seconds of a knock and announce. Id. at 38. In United States v. Spriggs, 996 F.2d at 322-23, the D.C. Circuit held that DEA agents executing a narcotics search warrant had been constructively refused admittance after a knock and announce when the occupants failed to respond within 15 seconds of their announcement.

Several other circuits have held that the risk of the destruction of drug evidence is a factor in evaluating the reasonableness of waiting time after a knock and announce. See, e.g., United

States v. Goodson, 165 F.3d 610, 612 (8th Cir. 1999) (holding 20 second wait after announcement reasonable); United States v. Spikes, 158 F.3d 913, 925-27 (6th Cir. 1998) (holding 15 to 30 second wait in mid-morning after announcement reasonable); United States v. Garcia, 983 F.2d 1160, 1168 (1st Cir. 1993) (holding that 10 second wait after announcement reasonable); United States v. Jones, 133 F.3d 358, 361-62 (5th Cir. 1998) (holding that 15 to 20 second wait based upon exigency reasonable).

Applying the legal standards summarized above, the officers acted reasonably when they entered the defendant's residence. First, the defendant was observed by the police coming out of the shed located in the rear yard of the residence before entry was actually made inside the residence and the shed. The defendant was at that time informed that the police were there to execute a search warrant. Accordingly, the defendant cannot argue that he did not receive adequate notice of authority prior to the officers' entry and execution of the warrant. Furthermore, the officers received no response from the residence after they knocked and announced their presence. After waiting a reasonable amount of time the officers entered the premises. Accordingly, there was no violation of the knock and announce statute, and no violation of the defendant's Fourth Amendment rights.

  B.  THERE WAS NO VIOLATION OF FED. R. CRIM P. 41(f)(3) OR SUPER. CT. CRIM. R. 41(e)(4)

Pursuant to Fed. R. Crim. P. 41(f)(3), officers conducting a search are required to "(A) give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken; or (B) leave a copy of the warrant and receipt at the place where the officer took the property." Although the D.C. Circuit has not yet had the

opportunity to address the issue of a violation of rule 41(f)(3), see, United States v. Weaks, 388 F.3d 913, 394 (D.C. Cir. 2004), other circuits have recently had occasion to address this issue.

In United States v. Martinez-Garcia, 397 F.3d 1205, 1213 (9th Cir. 2005), the Ninth Circuit set forth the following three part inquiry into whether a case warrants suppression for violation of Rule 41(f)(3): (1) whether the search of the residence was "federal in character," and therefore subject to the provisions of Rule 41; (2) if Rule 41 applies, whether the officers violated Rule 41(f)(3); and (3) if the officers violated Rule 41(f)(3), whether they acted in intentional and deliberate disregard of Rule 41, or whether the defendant was prejudiced as a result, thereby warranting suppression.[2]  In Martinez-Garcia, the Ninth Circuit relied heavily on recent Supreme Court decisions which apply a reasonableness standard in evaluating the validity of the execution of a warrant.  Specifically, the court stated that, "[t]he Supreme Court has made it clear that federal courts are to treat reasonableness in executing a warrant 'as a function of the facts of cases so various that no template is likely to produce sounder results than examining the totality of the circumstances in a given case.'" Id. at 1211 (quoting, United States v. Banks, 540 U.S. 31, 36 (2003).   The Eighth Circuit, which has also addressed this issue, has held that suppression for a violation of Rule 41(f) is only required if "a defendant can demonstrate prejudice." United v. Nichols, 344 F.3d 793, 799 (8th Cir. 2003).

---

[2]  The defendant cites to United States v. Gantt, 194 F.3d 987 (9th Cir. 1999) in support of his claim that suppression is warranted in this case.  The court in Gantt held that suppression of evidence seized during the execution of a search warrant of a hotel room was appropriate where the police had intentionally failed to present the suspect with a completed copy of the warrant at the outset of the search. Id. at 990-995.  It is worth noting, as an initial matter, that Gantt is not the law of the D.C. Circuit.  In addition, the Ninth Circuit has recognized that recent Supreme Court decisions have cast serious doubt on the court's interpretation of Rule 41 in Gantt.  See United States v. Mann, 389 F.3d 869, 875 n.1 (9th Cir. 2004).  As discussed above, the Ninth Circuit in Martinez-Garcia has significantly altered its interpretation of Rule 41.

Assuming that the Court determines that Fed. R. Crim. P. 41 does apply to the instant search,[3] there was no violation of Rule 41(f)(3). As stated above, at the time the officers had completed the search and inventory of items taken, the defendant had already been transported from the property to the district station. Accordingly, the officers left a copy of the warrant inside the residence, as there was no other person from the premises present. Even if the Court were to find that there was a violation of Rule 41(f)(3), the defendant has made no showing and no claim of prejudice, or that any perceived violation by police was intentional.[4]

---

[3] The Government does not concede that Fed. R. Crim. P. 41 applies to the execution of the search warrant in this case, but includes the above-referenced analysis in the event that the Court determines that the federal rule is applicable.

[4] The language of Superior Court Rule of Criminal Procedure 41(e)(4) is substantially similar to the language in the federal rule. In addition, the District of Columbia Court of Appeals has held that suppression for a violation of Rule 41(e)(4) is only required when "'(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." Criales v. United States, 621 A.2d 374, 378 (D.C. 1993) (quoting, United States v. Burke, 517 F.2d 377, 386-87 (2d. Cir. 1975)).

As stated above, the defendant has made no showing or claim of prejudice as a result of any alleged violation of Rule 41(e)(4), and therefore, suppression is not appropriate.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the Defendant's Motion to Suppress Physical Evidence be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058

_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
NARCOTICS SECTION
(202) 307-0031

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Opposition to Defendant's Motion to Suppress Physical Evidence is to be served upon counsel for the defendant, Jonathan Jeffress, Esquire, this 13th day of October, 2005.

_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY