UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 05-279 (CKK) |
| : | |
| SAMUEL DAVIS, : | |
| : | |
| Defendant. : | |
| _____ : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR PRODUCTION OF
*ROVARIO* AND *BRADY* MATERIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to Defendant's Motion for Production of *Rovario* and *Brady* Material. In support of this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding these motions.

**I.  FACTS**

The defendant is charged in a three count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and two counts of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On June 29, 2005, officers from the Metropolitan Police Department (MPD) applied for and received authorization to execute a narcotics search warrant at 2201A 14th Street, Northeast, Washington, DC. The search warrant was for the residence as well as

a shed that was located on the property. The affidavit for the search warrant set forth the facts relied upon for issuance of the warrant, which was based on information received from a confidential informant (CI). The affidavit states that within the 72 hour period prior to presentment of the warrant to the Magistrate, the CI had conducted a controlled purchase of crack cocaine from a male subject inside the shed located on the property. The affidavit further states that during the controlled narcotics purchase, the CI observed a black handgun on a table inside of the shed.

Upon arriving at the address to execute the warrant, officers were stationed at the front and rear entrances to the residence. Officers at the rear of the location gained access to the property by entering through a gate which opened into the yard area of the residence, where a shed was also located. As officers entered the rear yard area they observed the defendant exiting from the shed. The officers then announced their presence and informed the defendant that they were present to execute a search warrant.

A search of the premises resulted in the recovery of numerous items, including but not limited to: (1) one .45 caliber pistol loaded with seven rounds of ammunition located in a safe inside the shed along with 16 rounds of .45 caliber ammunition on the shelf above the safe; (2) loose green weed which field tested positive for marijuana, a digital scale, a white rock substance which field tested positive for cocaine base, numerous empty ziplock bags, three crack pipes, and a surveillance camera, all located inside the shed in or near the safe; (3) $910 in U.S. Currency and mail matter addressed to the defendant located within the safe inside the shed; and (4) a gun holster, numerous empty ziplock bags, mail matter and identifications in the name of the defendant, and a mirror with white residue all located in bedroom #1. After execution of the search warrant, the defendant was placed under arrest for felon in possession of a firearm.

The defendant now requests disclosure of the CI's identity on the grounds that the CI possesses information which exculpates the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and is necessary to prepare his defense pursuant to Rovario v. United States, 353 U.S. 53 (1957). The defendant's motion is without merit and should be denied.

## II.   ARGUMENT

The Supreme Court has held that there is no Sixth Amendment violation of a defendant's rights of confrontation and cross-examination from the recognition of an informant's privilege. McCray v. Illinois, 386 U.S. 300, 313 (1967). Rather, the government enjoys a qualified though "time-honored privilege to withhold the identity of its informants from criminal defendants. . . ." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989).

The defendant may obtain such identifying information only by demonstrating that trial testimony from the confidential informant may prove helpful and relevant to him, and that a balancing of the public interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense would result in an unfair trial without disclosure. Roviaro v. United States, 353 U.S. at 62; United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994). The disclosure of an informant's identity is required only if the court determines that "the potential helpfulness of informant's testimony to the defendant warrants a conclusion that the defendant cannot be tried fairly absent disclosure." Brodie, 871 F.2d at 128.

The District of Columbia Circuit Court of Appeals has "long adhered to the rule 'that Roviaro does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged." Warren, 42 F.3d at 654 (quoting United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir. 1971)). In such a case, the defendant faces a heavy burden to establish that

disclosure of the informant's identity is necessary and relevant to the defense. Warren, 42 F.3d at 654; Skeens, 449 F.2d at 1070. Furthermore, merely conclusory or speculative pleadings will not suffice. Skeens, 449 F.2d. at 1070.

Defendant has not demonstrated his need for the informant's identity. This case is virtually identical to Warren, where the court held that the disclosure of the identity of the confidential informant was not required. As in Warren, the charges in this case arise out of a search warrant executed on the defendant's home; thus, as in Warren, the informant was not a participant in, nor a witness to, the facts and events that led to the charges against the defendant. In this case, the government does not plan to introduce evidence about the informant's statements or observations at trial, as they are irrelevant to the charges. The very first event in the chronology on which the government will present evidence is the signing of the search warrant by a judicial officer; thus all prior events, including the information provided by the confidential informant, are irrelevant. The defendant need only examine the evidence seized during the execution of the warrant to prepare his defense.

Defendant asserts that the identity of the CI is critical to his defense, because the information provided by the CI established that a male who was not identified in the affidavit was present at the time the CI observed a black handgun on a table inside the shed. Presumably, the defendant hopes to use this information to establish that the gun and drugs recovered from inside the shed and residence on June 29, 2005 belonged to someone else. This argument entirely ignores the charges brought against the defendant. The defendant is not charged with the criminal acts observed by the CI, which are set forth in the search warrant affidavit, but rather he is charged with offenses arising from the illicit nature of items found inside his residence on June 29, 2005. See United States v.

Johnson, 293 F. Supp.2d 5, 7 (D.D.C. 2003) (holding that identity of informant not present during execution of a search warrant that resulted in recovery of an assault rifle need not be disclosed, where informant provided information which served as basis for a search warrant, and which included informant's observation inside the subject premises of an assault rifle similar in appearance to the one seized during execution of the warrant). Defendant's assertion regarding the information possessed by the CI is speculative at best, and assumes that the handgun previously observed by the CI was the same handgun seized during the search on June 29, 2005. Accordingly, even if the identity of the CI were disclosed and that CI testified at trial, this testimony would be irrelevant to the ultimate question of whether the defendant possessed the guns and drugs with the requisite intent on June 29, 2005. Defendant's assertion also ignores the fact that such items can be jointly possessed for purposes of criminal liability.

The government is not aware of any information in the CI's possession which would constitute exculpatory information under Brady.[1] The defendant's assertion in his motion that the defendant may have such information is speculative and conclusory, and does not meet the necessary burden to disclose the CI's identity as set forth in Rovario.

---

[1] The government is aware of its continuing disclosure obligations under Brady v. Maryland and will provide any such information to defense counsel in accordance with the rules of discovery.

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that the Defendant's Motion for Production of *Rovario* and *Brady* Material be DENIED.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY
        BAR NO. 451058

        STEVEN B. WASSERMAN
        ASSISTANT UNITED STATES ATTORNEY
        D.C. BAR NO. 453-251
        NARCOTICS SECTION
        (202) 307-0031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Opposition to Defendant's Motion for Production of *Rovario* and *Brady* Material is to be served upon counsel for the defendant, Jonathan Jeffress, Esquire, this 13th day of October, 2005.

        STEVEN B. WASSERMAN
        ASSISTANT UNITED STATES ATTORNEY