IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL DAVIS, )<br>)<br>Defendant. )<br>) | Crim. No. 05-279 (CKK) |

**DEFENDANT'S MOTION TO COMPEL THE
PRODUCTION OF *BRADY* AND *GIGLIO* MATERIAL**

Defendant Samuel Davis, through undersigned counsel, respectfully moves this Honorable Court to compel the government to fulfill its obligations under Brady v. Maryland and Giglio v. United States by disclosing information concerning an MPD Internal Affairs Division investigation of the police unit involved in this case, i.e., the Major Narcotics Branch.

**FACTUAL BACKGROUND**

Mr. Davis is charged by a three-count indictment with one count of unlawful possession of a firearm by a person convicted of crime punishable by imprisonment for a term exceeding one year, and two counts of simple possession of a controlled substance (cocaine base and marijuana).

According to discovery provided by the government, the evidence in this case resulted from an investigation conducted by the Major Narcotics Branch ("MNB") of the Metropolitan Police Department.  On June 29, 2005 MNB officers obtained an unnumbered search warrant for 2201A 14th Street, N.E.  The purported basis for the search warrant, as described in the affidavit

submitted in support of the application for the warrant, was the alleged sale one clear ziplock bag of cocaine base from the "house and shed" at the above-listed address to a confidential informant.

The MNB officers executed the search warrant at approximately 6:02 p.m. on June 29, 2005.  During their search of the premises, the MNB officers allege to have discovered a handgun, ammunition, and small quantities of cocaine base and marijuana.

On August 13, 2005, the Washington Post ran an article in its Metro section reporting on an Internal Affairs investigation of the MNB unit.  See Ex. A (word perfect document replicating Washington Post article).[1]  The article reports that the Internal Affairs Division of the MPD had launched an investigation into the MNB based upon administrative irregularities discovered within the unit.  The article further states that Internal Affairs detectives are focusing on problems with how MNB members have logged and tracked property.  Upon information and belief, the mishandled "property" referred to in the article includes guns and drugs.  While the article names a number of officers involved in an administrative reshuffling based on the investigation, it does not identify the specific MNB officers under investigation.

On October 14, 2005, defense counsel orally requested information concerning the MNB investigation from the government.  The parties had further discussions on the issue.  It is the government's position that because the investigation does not originate out of the United States Attorney's Office, i.e., it is an MPD "administrative" investigation, the government has no obligation to locate or produce information concerning the MNB investigation to the defense.  Furthermore, the government will not inform the defense whether any of the MNB officers

---

[1] Undersigned counsel has been unable to locate a print copy of the article.  Exhibit 1 is cut and pasted from an emailed version of the story.  Counsel will supply the Court with a copy of the article as soon as one is obtained.

involved in this case are also involved in the MNB investigation.

## DISCUSSION

**I.     THE DEFENSE IS ENTITLED TO *BRADY/GIGLIO* INFORMATION RESIDING IN THE FILES OF THE METROPOLITAN POLICE DEPARTMENT'S DIVISION OF INTERNAL AFFAIRS.**

It is by now well-established that the duty to disclose under Brady encompasses impeachment evidence as well as exculpatory evidence. See, e.g., Strickler v. Greene, 527 U.S. 263, 280 (1999) (citing United States v. Bagley, 473 U.S. 667, 676 (1985)); United States v. Bowie, 198 F.3d 905, 907 (D.C. Cir. 1999) ("[e]vidence affecting the credibility of government witnesses is a category of exculpatory information potentially within Brady's disclosure obligation[,]")(citing Giglio v. United States, 405 U.S. 150, 154 (1972)).

Under both Brady and the Federal Rules of Criminal Procedure, the government's duty to disclose extends to all material information within the government's possession, custody, or control. See Fed. R. Crim. P. 16(a)(1)(E). Materials are within the government's possession, custody, or control if the prosecution has knowledge of and access to them. See, e.g., United States v. Santiago, 46 F.3d 885, 894 (9th Cir. 1995). Moreover, the D.C. Circuit has made it very clear that materials are within the "control" of the United States Attorney's Office for the District of Columbia if they reside in MPD files. See In Re Sealed Case, 185 F.3d 887, 891 n.2 (D.C. Cir. 1999) (distinction between the police and the United States Attorney's Office is "of no moment to its obligations under Brady").

The government's position that it has no duty to locate and/or produce impeachment materials in the files of the MPD's Internal Affairs Division has no support in the caselaw. The

Court should accordingly order the government to produce promptly all discoverable materials concerning the MNB investigation to the defense, including all materials within the files of the MPD.

## CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Davis requests that the Court order the Government to provide the defense with all discoverable materials related to the MNB investigation within its possession, custody, or control, which includes at a minimum the files of the Metropolitan Police Department.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____
Jonathan S. Jeffress
<u>Counsel for Samuel Davis</u>
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500, ex. 134

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )   Crim. No. 05-279 (CKK)<br>  )<br>SAMUEL DAVIS, )<br>  )<br>Defendant. )<br>_____) | |

**O R D E R**

Upon consideration of the defendant's motion and any opposition by the government, it is this _____ day of _____ 2005, hereby **ORDERED** that the government promptly produce to the defense all information concerning the MNB investigation within its possession, custody or control, including all information residing in the files of the Metropolitan Police Department.

BY THE COURT:

_____
Honorable Colleen Kollar-Kotelly
United States District Court Judge

Steve Wasserman, AUSA
Jonathan Jeffress, AFPD