**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 05-279 (CKK)** |
| | ) | |
| **SAMUEL DAVIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT SAMUEL DAVIS' OPPOSITION TO
GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

Mr. Samuel Davis, the defendant, through undersigned counsel, respectfully opposes the

Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence

404(b), and moves this Honorable Court to deny the motion.[1]

Background

Mr. Davis is charged by a three-count indictment with:  (1) unlawful possession of a

firearm and ammunition by a person convicted of an offense punishable by imprisonment for a

term exceeding one year; (2) simple possession of a controlled substance (marijuana); and (3)

simple possession of a controlled substance (cocaine base).

---

[1]      Counsel apologizes for the belated filing of these pleadings.  The Court will note
that footnote 1 of the government's motion states that the government would be providing
discovery to defense counsel regarding its 404(b) pleading.  Prior to the time oppositions were
due in this case, defense counsel contacted the government and inquired about the promised
discovery.  The government responded that it did not have the material available, but would
provide it or else reconsider its 404(b) motion.  Following that phone call, there were no further
communications on this issue by either side.  Defense counsel still does not have the underlying
files but is endeavoring to obtain them at this time.  Defense counsel contacted the government
on this matter today, but understands that government counsel is in trial.

At trial, the government seeks to impeach him with evidence that:  (1) on May 8, 2000, Mr. Davis was convicted of distribution of marijuana and possession with intent to distribute marijuana (F-6336-98); (2) on June 5, 1996, Mr. Davis was convicted of possession of marijuana (M-9710-95 and M-7728-95); and (3) on March 2, 1992, Mr. Davis was convicted for carrying a dangerous weapon and unlawful possession of an unregistered firearm (M-12065-91).

Argument

I.    The Proffered Evidence Is Inadmissible Evidence of Other Crimes under Federal Rule of
      Evidence 404(b).

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)).  To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.  See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).  The evidence of the three prior convictions at issue here is not admissible pursuant to Rule 404(b) because the acts are irrelevant to any material issue in this case other than propensity to commit the offenses charged.  Admission of the other crimes to prove character and propensity is precisely what Rule 404(b) forbids.

In order for the government to admit any of the prior bad acts, it must show that the evidence is being admitted to show that Mr. Davis's alleged possession of the gun and drugs was "not the result of inadvertence, mistake, or accident."  Gov. Opp. at 3.  As the facts of the case

clearly indicate, Mr. Davis's defense is not likely to be that he possessed the gun and drugs inadvertently, mistakenly or accidentally.  Cf. United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004).  Rather, as in Linares, it will be that Mr. Davis did not possess them at all.  Thus, the only true purpose that admission of evidence that Mr. Davis has been convicted of drug and firearms charges could serve would be to place Mr. Davis's character in issue and show a propensity to commit crimes.  These are the very purposes for which such evidence may not be admitted.  See, e.g., Huddleston v. United States, 485 U.S. 681 (l988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. 1989); United States v. Hernandez, 780 F.2d ll3 (D.C. Cir. l986); United States v. Foskey, 636 F.2d 5l7 (1980); United States v. Shelton, 628 F.2d 54 (1980).

II.    The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403
        Because the Evidence Is More Prejudicial than Probative.

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact.  Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264).  Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded."  United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

As discussed in the previous section, Mr. Davis's previous involvement with marijuana and a firearm are only weakly relevant to this case, if at all.  The weak or nonexistent probative value of the alleged prior bad acts stands in stark contrast to the severe prejudicial impact introduction of the evidence would have on the jury.  Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference

that someone who has previously broken the law is more likely to break the law on a subsequent

occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent.

There exists a grave danger that jurors in Mr. Davis's case will lower the bar for conviction or

scrutinize the facts less searchingly because they do not fear convicting an "innocent" man.

Conclusion

For the foregoing reasons and any other reasons that may be adduced at a hearing on this

matter, the Court should deny the government's request to introduce evidence of other crimes.


Respectfully submitted,


_____/s/_____
Jonathan S. Jeffress
Counsel for Samuel Davis
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-75