IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>        Plaintiff,            )<br>                              )<br>    v.                        )     Crim. No. 05-279 (CKK)<br>                              )<br>SAMUEL DAVIS,                  )<br>                              )<br>        Defendant.             )<br>                              ) | |

### DEFENDANT SAMUEL DAVIS' MOTION
### IN OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT
### TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS

Mr. Samuel Davis, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Davis should he chose to testify at trial.

Background

Mr. Davis is charged by a three-count indictment with: (1) unlawful possession of a firearm and ammunition by a person convicted of an offense punishable by imprisonment for a term exceeding one year; (2) simple possession of a controlled substance (marijuana); and (3) simple possession of a controlled substance (cocaine base).

Should Mr. Davis testify, the government seeks to impeach him with evidence that: (1) on May 8, 2000, Mr. Davis was convicted of distribution of marijuana and possession with intent to distribute marijuana; and (2) on January 24, 1997, he Mr. Davis was convicted of assault with a dangerous weapon.

Argument

Federal Rule of Evidence 609 provides in pertinent part:

> (a) General rule. For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

Under Rule 609(a), prior felony convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect. In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact. See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").

Neither of Mr. Davis' convictions are admissible under Rule 609. First, the distribution of marijuana and possession with intent to distribute marijuana offense is clearly more prejudicial than probative. Mr. Davis is not charged with distributing any drug in this case–he is charged with simple possession of a small amount of marijuana and cocaine. Evidence that Mr. Davis had distributed marijuana in the past is irrelevant and extremely prejudicial. Second, a nearly 9-

year old ADW conviction has little, if any, probative value in this case, which involves the possession of a gun, and nothing more. The prejudicial effect of informing the jury that Mr. Davis was convicted of assault with a dangerous weapon would obviously be severe. Thus, the "probative value" of the conviction supported by specific facts and circumstances plainly does not "outweigh its prejudicial effect to the accused." Fed. R. Crim. 609(a)(1). The government's notice should be denied.

     Finally, the Court should consider that the charge against Mr. Davis is possessing a firearm after being convicted of a crime punishable by more than a year incarceration. Therefore, the jury will already know that Mr. Davis has a prior conviction and could use this fact to assess his credibility. Disclosing the nature of the convictions would only further prejudice Mr. Davis, without adding any probative value. As the Court is aware, it is common practice in this jurisdiction to stipulate to the existence of such a conviction without informing the jury of the nature of the prior conviction. Informing the jury of the nature of the prior convictions would significantly prejudice Mr. Davis because there is a significant risk that the jury may infer from the fact of a prior convictions for a controlled substance offense and a crime of violence that Mr. Davis possessed the firearm and drugs at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

Conclusion

For the foregoing reasons, Mr. Davis respectfully moves this Honorable Court to exclude the use of the evidence of the prior conviction proffered by the government.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Counsel for Samuel Davis
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500