UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 05-279 (CKK) |
| | : | |
| SAMUEL DAVIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR
THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  CHARGED OFFENSES AND PLEA OFFENSES

   A.  The defendant is charged in a three count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and two counts of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

   B.  The defendant is pleading guilty to count two of the criminal information charging him with Carrying A Pistol Without A License After A Felony Conviction, in violation of D.C. Code § 22-4504(a)(2).

II. ELEMENTS OF THE OFFENSES:

   A.  The essential elements of the offense of Carrying A Pistol Without A License After A Felony Conviction, in violation of D.C. Code § 22-4504(a)(2) are:

1. That the defendant carried a pistol openly or concealed on or about his person;

2. That the defendant carried the pistol knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently;

3. That the pistol was operable; that is, it would fire a bullet or other projectile;

4. That the defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia; and

5. That at the time the defendant carried the pistol, he had previously been convicted of a felony.

III. COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

IV. PENALTIES:

A. Pursuant to D.C. Code § 22-4504(a)(2), the crime of Carrying A Pistol Without A License After A Felony Conviction carries a maximum sentence of not more than 10 years imprisonment, a fine of not more than $10,000, and up to three years of supervised release.

V. GUIDELINES CALCULATION

I. Pursuant to the District of Columbia Sentencing Commission's voluntary sentencing guidelines, the Government calculates the defendant's guidelines as follows:

    1.    Criminal History: 4 3/4 points (Category D)

    2.    Carrying A Pistol Without A License: Group 8

    3.    Guideline Range: 18-36 months

VI.    <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA</u>:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On June 29, 2005, at approximately 6:02 pm, officers from the Metropolitan Police Department (MPD) executed a narcotics search warrant at 2201A 14th Street, Northeast, Washington, DC. The search warrant was for the residence as well as a shed that was located on the property. In addition, part of the probable cause for the warrant was based upon a confidential informant's observation of a handgun inside the shed located on the property. Upon arriving at the address, officers were stationed at the front and rear entrances to the residence. Officers at the rear of the location gained access to the property by entering through a gate which opened into the yard area of the residence, where a shed was also located. As officers entered the rear yard area they observed the defendant exiting from the shed. The officers then announced their presence and informed the defendant that they were present to execute a search warrant. The defendant was then secured by police.

A search of the premises resulted in the recovery of numerous items, including but not limited to: (1) one .45 caliber pistol loaded with seven rounds of ammunition located in a safe inside the shed along with 16 rounds of .45 caliber ammunition on the shelf above the safe; (2) loose green weed which field tested positive for marijuana, a digital scale, a white rock substance which field tested positive for cocaine base, numerous empty ziplock bags, three crack pipes, and

a surveillance camera, all located inside the shed in or near the safe; (3) $910 in U.S. Currency and mail matter addressed to the defendant located within the safe inside the shed; and (4) a gun holster, numerous empty ziplock bags, mail matter and identifications in the name of the defendant, and a mirror with white residue all located in bedroom #1.

The defendant knowingly and intentionally possessed the firearm and ammunition described in this proffer. The defendant admits that the firearm was operable, and at the time he was arrested for this offense he had previously been convicted of a felony, that is, Assault With A Dangerous Weapon, in Superior Court of the District of Columbia case number F-4423-95.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to this offense. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offense, which is charged in the indictment.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney

_____
STEVEN B. WASSERMAN
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.   Room #4241
Washington, DC 20530
(202) 307-0031; Fax: 353-9414

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Jonathan Jeffress, this 19th day of December 2005.

               _____
               Steven Wasserman
               Assistant United States Attorney