UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 05-279 (CKK) |
| : | |
| SAMUEL DAVIS, : | |
| : | |
| Defendant. : | |

**FILED**
DEC 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  CHARGED OFFENSES AND PLEA OFFENSES

   A.  The defendant is charged in a three count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and two counts of Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

   B.  The defendant is pleading guilty to count two of the criminal information charging him with Carrying A Pistol Without A License After A Felony Conviction, in violation of D.C. Code § 22-4504(a)(2).

II. ELEMENTS OF THE OFFENSES:

   A.  The essential elements of the offense of Carrying A Pistol Without A License After A Felony Conviction, in violation of D.C. Code § 22-4504(a)(2) are:

1

1. That the defendant carried a pistol openly or concealed on or about his person;

2. That the defendant carried the pistol knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently;

3. That the pistol was operable; that is, it would fire a bullet or other projectile;

4. That the defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia; and

5. That at the time the defendant carried the pistol, he had previously been convicted of a felony.

III. COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

IV. PENALTIES:

A. Pursuant to D.C. Code § 22-4504(a)(2), the crime of Carrying A Pistol Without A License After A Felony Conviction carries a maximum sentence of not more than 10 years imprisonment, a fine of not more than $10,000, and up to three years of supervised release.

V. GUIDELINES CALCULATION

I. Pursuant to the District of Columbia Sentencing Commission's voluntary sentencing guidelines, the Government calculates the defendant's guidelines as follows:

        1.      Criminal History: 4 3/4 points (Category D)

        2.      Carrying A Pistol Without A License: Group 8

        3.      Guideline Range: 18-36 months

VI.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On June 29, 2005, at approximately 6:02 pm, officers from the Metropolitan Police Department (MPD) executed a narcotics search warrant at Washington, DC. The search warrant was for the residence as well as a shed that was located on the property. In addition, part of the probable cause for the warrant was based upon a confidential informant's observation of a handgun inside the shed located on the property. Upon arriving at the address, officers were stationed at the front and rear entrances to the residence. Officers at the rear of the location gained access to the property by entering through a gate which opened into the yard area of the residence, where a shed was also located. As officers entered the rear yard area they observed the defendant exiting from the shed. The officers then announced their presence and informed the defendant that they were present to execute a search warrant. The defendant was then secured by police.

A search of the premises resulted in the recovery of numerous items, including but not limited to: (1) one .45 caliber pistol loaded with seven rounds of ammunition located in a safe inside the shed along with 16 rounds of .45 caliber ammunition on the shelf above the safe; (2) loose green weed which field tested positive for marijuana, a digital scale, a white rock substance which field tested positive for cocaine base, numerous empty ziplock bags, three crack pipes, and

a surveillance camera, all located inside the shed in or near the safe; (3) $910 in U.S. Currency and mail matter addressed to the defendant located within the safe inside the shed; and (4) a gun holster, numerous empty ziplock bags, mail matter and identifications in the name of the defendant, and a mirror with white residue all located in bedroom #1.

The defendant knowingly and intentionally possessed the firearm and ammunition described in this proffer. The defendant admits that the firearm was operable, and at the time he was arrested for this offense he had previously been convicted of a felony, that is, Assault With A Dangerous Weapon, in Superior Court of the District of Columbia case number F-4423-95.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to this offense. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offense, which is charged in the indictment.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney

STEVEN B. WASSERMAN
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.  Room #4241
Washington, DC 20530
(202) 307-0031; Fax: 353-9414

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Jonathan Jeffress, this 19th day of December 2005.

Steven Wasserman
Assistant United States Attorney



U.S. Department of Justice

United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

December 16, 2005

Jonathan Jeffress, Esq.
Federal Public Defender's Service
625 Indiana Avenue, NW
Washington, DC 20004

                Re:     <u>United States v. Samuel Davis</u>
                         Criminal Number 05-279

Dear Mr. Jeffress:

      This letter confirms the agreement between your client, Samuel Davis, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Samuel Davis' Obligations, Acknowledgments and Waivers</u>:

      1. Your client, Samuel Davis, agrees to admit guilt and enter a plea of guilty to count two of the criminal information charging him with Carrying A Pistol Without A License, in violation of D.C. Code § 22-4504 (a)(2). Your client understands that because your client has previously been convicted of a felony, the charge of Carrying A Pistol Without A License carries a penalty of not more than 10 years of imprisonment, a fine of not more than $10,000, and a term of supervised release of three years. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that he will be sentenced according to the District of Columbia Sentencing Commission's voluntary sentencing guidelines.

      2. This plea offer is contingent upon an agreement between the Government and your client that neither party will seek an upward or downward departure outside of your client's applicable guideline range. Your client further understands that the applicable guideline range will not be

Rev. 1/18/05 daj

determined by the court until the time of sentencing. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an upward adjustment based on that post-agreement conduct.

3. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of any contraband, money, and other property constituting, or derived from, proceeds obtained, directly or indirectly as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking, including the Auto-Ordnance .45 caliber semi-automatic pistol and ammunition seized from your client. The Government agrees to release to your client at the time of sentencing his personal paperwork, jewelry, and other personal property (not including the seized U.S. currency) not otherwise constituting or derived from proceeds obtained, directly or indirectly, as a result of illegal drug trafficking. Your client agrees to promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

4. The Government agrees not to oppose your client's release from custody pending sentencing contingent upon his successful completion of an in-patient drug treatment program.

5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6. Your client understands that the sentence in this case will be imposed in accordance with District of Columbia Sentencing Commission's voluntary sentencing guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

7. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter, except as otherwise limited by this agreement. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the



Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. ~~In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e)~~, or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

      8. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

<u>THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:</u>

      9. This Office will request that the Court dismiss count one of the criminal information and the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

      10. The Government agrees to recommend that the defendant be sentenced to the middle of the guideline range. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's guideline range, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

<u>General Conditions</u>

      11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

      12. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

Rev. 1/18/05 daj                   3

13. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

        Sincerely yours,

        */s/ Kenneth L. Wainstein*
        KENNETH L. WAINSTEIN.
        UNITED STATES ATTORNEY

        */s/ Steven B. Wasserman*
        STEVEN B. WASSERMAN
        Assistant United States Attorney

Rev. 1/18/05 daj

4

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Jonathan Jeffress, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 12-22-05

SAMUEL DAVIS
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 12/22/05

JONATHAN JEFFRESS, Esquire
Attorney for the Defendant